UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOBY JACQUETT WOODS,

    Petitioner,                              Case No. 2:20-cv-12588
                                                        Hon. George Caram Steeh

    v.

SCOTT YOKUM,

    Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS**

Toby Jacquett Woods, ("Petitioner"), a Michigan prisoner, filed this action under 28 U.S.C. § 2254. Petitioner is serving a prison sentence as a fourth-time habitual felony offender of 30 months to 40 years for his Oakland Circuit Court guilty plea conviction of delivery of less than 50 grams of cocaine. MICH. COMP. LAWS § 333.7401(2)(a)(iv). The petition raises three claims: (1) the sentencing guidelines were scored incorrectly, (2) Petitioner's sentence was based on inaccurate information, and (3) Petitioner's incarceration violates the Eighth Amendment due to the increased risk of contracting COVID-19 in prison. The Court will deny the petition because Petitioner's claims are without merit. The Court will also

- 1 -

deny Petitioner a certificate of appealability and deny permission to appeal in forma pauperis.

## I. Background

The charges against Petitioner stemmed from a February 16, 2018, traffic stop occurring in Pleasant Ridge, Michigan. Petitioner was driving the vehicle and another man, Makowski, was seated in the front passenger seat. Officers determined that Petitioner was on probation and was driving on a suspended license. Upon exiting the vehicle, an officer found a knife on Petitioner's person. A search of the vehicle revealed twelve zip-lock bags, each containing a small amount of what was later determined to be crack cocaine. One bag was found near Makowski's foot, five bags were located between the center console and the passenger seat, and six bags were found between the center console and the driver's seat,

Petitioner was arrested and questioned at the police station. Petitioner told police that Makowski had called him the previous day to set up a purchase of crack cocaine. Petitioner told police that he was only acting as the middleman for a deal between Makowski and someone else. He said he called the seller and drove Makowski to a location to purchase the cocaine.

Petitioner was originally charged with possession of a dangerous weapon, delivery of less than 50 grams of cocaine, and habitual offender – fourth offense. The prosecutor moved to dismiss the weapon charge at the preliminary examination. (Prelim. Ex., ECF No. 8-2, at 3.)

Petitioner subsequently pled guilty to the delivery of cocaine and habitual offender charges, with an agreement that his minimum sentence would be within the bottom third of the sentencing guidelines range. (Plea Tr., ECF No. 8-4, at 5.) Shortly before Petitioner's plea he had been sentenced in the Macomb Circuit Court for another narcotics offense and was sentenced to 10 months to 40 years. (Id., at 4-5.)

Petitioner was subsequently sentenced as indicated above in accordance with the plea agreement to 30 months to 40 years. (Sent. Tr., ECF No. 8-5, at 11.)

Petitioner later filed a motion for resentencing, asserting that the sentencing guidelines were erroneously scored to reflect that he was carrying a knife when he was arrested when that charge had been dismissed. (Mot. Resent., ECF No. 8-8, at 2-3.) Petitioner also asserted that the possession of the knife related to his legitimate work as a carpet installer. (id.) Petitioner asserted that had the guidelines been scored correctly, the new minimum sentence range would have been 10 to 46

months, meaning that the plea deal would have called for a maximum possible minimum term of 18 2/3 months. (id., at 5.) The trial court denied the motion, stating:

> [T]he defendant has failed to show that the People [did not meet] their burden by a preponderance of evidence that the scoring of OV2 was correct. The Defendant has conceded hat he had a knife in his possession. The scoring variable does not require that the defendant possess the knife for any particular purpose, or that the knife be of a particular type to be sufficient for scoring OV2.

(Order, ECF No. 8-13, at 1.)

Petitioner then pursued a direct appeal. His appellate counsel filed an application for leave to appeal in the Michigan Court of Appeals that raised two claims:

> I. Mr. Woods is entitled to resentencing where he was sentenced on misscored guidelines, on inaccurate information, and his trial attorney was ineffective.
>
> II. Mr. Woods is entitled to resentencing due to factors created by the COVID-19 pandemic.

The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. King*, 2016 WL 555860 (Mich. Ct. App. Feb. 11, 2016). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, but it was denied by standard form order. *People v. Woods,* 944 N.W.2d 924 (Mich. 2020) (Table).

## II. Standard of Review

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003), quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

"[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) quoting *Williams*, 529 U.S. at 413.

## III. Discussion

A. Sentencing Claims

Petitioner first claims that the sentencing guidelines were scored incorrectly and that he was sentenced based on a false information when the offense variables were scored to reflect Petitioner's possession of a knife at the time of his arrest.

The trial court held the guidelines were correctly scored when it denied Petitioner's motion for resentencing. Offense Variable 2 of the Michigan Sentencing Guidelines addresses the lethal potential of a weapon possessed or used during the commission of the offense. MICH. COMP. LAWS § 777.32(1); *People v Young*, 276 Mich. App. 446, 451 (2007). The trial court assessed 5 points under § 777.32(1)(d), which applies when "[t]he offender possessed or used a pistol, rifle, shotgun, or knife or other cutting or stabbing weapon." The trial court rejected Petitioner's argument that no points should be scored under this offense variable if the defendant possessed the knife for a legitimate purpose, finding that mere possession of knife during an offense justified the scoring.

This Court cannot second-guess that construction of state law. "A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only." *Howard v. White*, 76 F.

App'x 52, 53 (6th Cir. 2003). "[F]ederal habeas corpus relief does not lie for errors of state law." *Id*. (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)). Petitioner's claim that the trial court erred when it scored OV 2 for possessing a knife regardless of his purpose is therefore not cognizable on federal habeas review.

Petitioner relatedly argues that the scoring of the guidelines was based on inaccurate information. A sentence based on "extensively and materially false" information which the defendant had no opportunity to correct may state a federal due process violation. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). Here, Petitioner admitted that he possessed the knife, which was the basis for the scoring of the guidelines. Thus, the sentence was not based on inaccurate information. Rather, Petitioner contested whether that admitted fact justified the scoring of points under the offense variable, a non-cognizable question of state law. Petitioner therefore has not demonstrated his sentence was based on extensively and materially false information.

Petitioner's first and second habeas claims are therefore without merit.

B. COVID-19

Petitioner's final claim asserts that his imprisonment violates the Eighth Amendment because of the increased risk to his health posed by the spread of COVID-19 at his correctional facility.

Where a prisoner's habeas petition seeks release from prison by claiming that no set of conditions of confinement would be constitutionally sufficient, the claim is properly construed as challenging the fact or extent of confinement, which is a cognizable habeas claim under 28 U.S.C. § 2241. *See Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) (citing *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011). On the other hand, conditions of confinement claims which seek relief in the form of improvement of prison conditions or a transfer to another facility are not cognizable under § 2241. *Id*. (citing *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013)).

Petitioner's claims are non-cognizable in this habeas action. Petitioner does not allege that *no* set of conditions of confinement would remedy the risk caused by Covid-19. Petitioner alleges that the prison is overcrowded and that prison officials have not controlled prisoner's exposure to MDOC staff and other prisoners, and he indicates that they cannot adequately enforce social distancing practices. At the same time,

Petitioner's allegations suggest that the risk of contracting Covid-19 could be ameliorated if prison officials took reasonable steps to reduce the risk of infection. Petitioner thus does not allege that no conditions of confinement would be sufficient to prevent irreparable constitutional remedy. Petitioner's claim is therefore non-cognizable in a habeas petition. *Wilson v. Williams*, 961 F.3d at 838.

Claims which challenge the conditions of confinement, as Petitioner's, should normally be brought as a civil rights complaint pursuant to 42 U.S.C. § 1983. *See Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). The proper course for a district court after it determines that the substance of a state prisoner's pro se habeas petition is a subject more appropriately reached under 42 U.S.C. § 1983 is to dismiss the petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action. *See Martin v. Overton*, 391 F. 3d 710, 714 (6th Cir. 2004) (holding that the district court should have dismissed the habeas petitioner's § 2241 petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action rather than to re-characterize it as a § 2254 petition without notice to petitioner).

## IV. Certificate of Appealability

Before Petitioner may appeal this decision, the Court must determine whether to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy § 2253(c)(2), Petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). The Court finds that reasonable jurists would not debate the resolution of any of Petitioner's claims. The Court will therefore deny a certificate of appealability.

Finally, Petitioner is not entitled to permission to appeal in forma pauperis because any appeal of this decision would be frivolous. 28 U.S.C. § 1915(a)(3).

## V. Conclusion

Accordingly, the Court 1) **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus with respect to Petitioner's first and second claims, 2) **DENIES WITHOUT PREJUDICE** Petitioner's conditions of confinement

claims, 3) **DENIES** a certificate of appealability, and 4) **DENIES** permission to appeal in forma pauperis.

    **SO ORDERED.**

Dated: June 3, 2021

                                  s/George Caram Steeh
                                  GEORGE CARAM STEEH
                                  UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 3, 2021, by electronic and/or ordinary mail and also on Toby Jacquett Woods #312839, Charles Egeler Reception And Guidance Center Annex, 3855 Cooper Street, Jackson, MI 49201.

s/Leanne Hosking
Deputy Clerk